IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| M.L.G.G.; R.G.S., | Civ. No. 6:25-cv-02012-AA |
| Petitioners, | **ORDER** |
| v. | |
| CAMMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

AIKEN, District Judge.

This habeas case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No 1. As a preliminary matter, the Court GRANTS Petitioners' request to proceed under a pseudonym.

Petitioners M.L.G.G. and R.G.S. are farmworkers who were detained by ICE officers on October 30, 2025, in Marion County, Oregon. Pet. ¶¶ 40, 41. Petitioners allege that there was no lawful basis for their stop or detention. *Id*. at ¶ 42. Petitioners allege that they were subjected to warrantless arrest and detention

Page 1 –ORDER

because the ICE officers "determined based solely on Petitioners' apparent race and ethnicity that Petitioners were in the United States without status." *Id.* at ¶ 48. Petitioners allege that that no individualized assessment was made as to whether Petitioners were a flight risk or a danger to the community and that the ICE officers who detained Petitioners had no reasonable suspicion that any Petitioner was either a flight risk or unlawfully present in the United States. *Id.* at ¶¶ 46-47, 49.

Petitioners asks the Court to, among other things, (a) assume jurisdiction over this matter; (b) order Respondents to appear before this Court and show cause why the Petition should not be granted within three days; (c) declare that Petitioners' stop without reasonable suspicion and arrest without probable cause violate the APA, the INA, the Fourth Amendment, the Fifth Amendment and the *Nava* Broadcast Policy; (d) issue a writ of habeas corpus requiring Respondents to release Petitioner; (e) issue an order prohibiting Respondents from transferring Petitioner from the District of Oregon without the Court's approval; and (f) grant such further relief as the Court deems just and proper.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of Court is directed to serve a copy of the Petition, ECF No. 1, upon Respondents and the U.S Attorney for the District of Oregon, Scott Bradford (Scott.Bradford@usdoj.gov).

2. Respondents shall, no later than November 3, 2025, at noon Pacific Standard Time, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioners shall not be moved outside of the District of Oregon without first providing advance notice of the intended

move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioners shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order.** Such notice must be filed in writing and on the docket in this proceeding. In addition, Respondents are further ordered to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

It is so ORDERED and DATED this ___30th___ day of October 2025.

                                           /s/Ann Aiken
                                           ANN AIKEN
                                           United States District Judge