IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| M.L.G.G.; R.G.S., | Civ. No. 6:25-cv-02012-AA |
| Petitioners, | **ORDER** |
| v. | |
| CAMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

AIKEN, District Judge.

This case comes before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner's M.L.G.G. and R.G.S. ECF No. 1. The case is set for an evidentiary hearing on December 8, 2025. For the reasons set forth below, the Petition is GRANTED as to Petitioner R.G.S. The previously set hearing will remain as scheduled for Petitioner M.L.G.G.

Page 1 –ORDER

# BACKGROUND

## I.   M.L.G.G.

Petitioner M.L.G.G. is a native and citizen of Guatemala. Holani Decl. ¶ 3. ECF No. 8. M.L.G.G.'s native language is Mam and she speaks "some basic Spanish." M.L.G.G. Decl. ¶ 2. ECF No. 30. On December 16, 2016, she applied for admission into the United States from Mexico with her father at an El Paso port of entry and was deemed inadmissible and detained. Holani Decl. ¶ 3. On December 20, 2016, she was issued a Notice to Appear ("N.T.A.") by U.S. Customs and Border Protection ("CBP") and on December 22, 2016, she was paroled due to lack of bed space. *Id.*

On July 27, 2017, M.L.G.G. failed to appear for the non-detained docket of the immigration court in Miami, Florida. Holani Decl. ¶ 4. The Immigration Judge ("IJ") noted that she had been properly notified of the time and place of the hearing and found that DHS had provided sufficient evidence of her inadmissibility and ordered her removed to Guatemala. *Id.*

M.L.G.G. was a minor at the time of the removal order and maintains that she was unaware that she had an obligation to appear in immigration court and was unaware of the removal order until she was arrested by ICE on October 30, 2025. M.L.G.G. ¶¶ 3,5, 17.

## II.   R.G.S.

Petitioner R.G.S. is a native and citizen of Guatemala. Holani Decl. ¶ 6. R.G.S.'s native language is Mam and she speaks "a very small amount of Spanish and no English." R.G.S. Decl. ¶ 2. ECF No. 31. On May 28, 2024, R.G.S. was encountered

by CBP near Sasabe, Arizona, at which time CBP determined that R.G.S. had entered the United States "at a time and place other than as designated by the Secretary of DHS." Holani Decl. ¶ 6. CBP detained her determined that R.G.S. was inadmissible under INA Section 212(a)(6)(A)(I). *Id.*

R.G.S. was served with an NTA on May 29, 2024, charging her with being removable under INA Section 212(a)(6)(A)(I). Holani Decl. ¶ 6. R.G.S. was released on an order of recognizance "based on humanitarian concerns and lack of bed space." *Id.*

### III.  Petitioners' Arrest and Detention

On October 30, 2025, Petitioners were passengers in a van going to a worksite. Respondents assert that ICE officers ran the van's plates against immigration databases and found that the registered owner "came up in databases as [having] a prior expedited removal order from the United States." Holani Decl. ¶ 5. ICE officers conducted a stop of the vehicle and took the driver of the vehicle, who was the registered owner, into custody. *Id.* Respondents assert that "[d]uring the stop and questioning of the driver, Officers noticed several passengers moving in the vehicle and making motions indicative of flight from the stop." *Id.*

Respondents assert that, during a field interview, M.L.G.G. "volunteered to ERO [Enforcement and Removal Operations] Officers that she had no immigration status to remain in the United States." Holani Decl. ¶ 5. Respondents assert that officers "conducted further database checks on Petitioner M.L.G.G. and determined that she had a final order of removal, served her a Form I-205, Warrant of Removal,

and detained her under INA Section 241." *Id*. M.L.G.G. denies that she made such an admission and asserts that she told the officers only her name, the city where she lives, that she was not a minor, and that she spoke Mam. M.L.G.G. Decl. ¶ 12-13.

Respondents assert that R.G.S. "did in fact flee on foot from the detention stop and was caught by ERO officers" and "resisted putting her hands behind her back." Holani Decl. ¶¶ 5, 8. R.G.S. denies that she fled and maintains that Respondents have confused her with another passenger with a similar name, who did attempt to run. R.G.S. Decl. ¶¶ 11-12. R.G.S. maintains that she was sitting in the back of the van and did not resist arrest. *Id*. at ¶ 11. Respondents assert that a "field interview was conducted with additional background checks and determined positive identification of R.G.S." Holani Decl. ¶ 8. R.G.S. maintains that, because there was no Mam interpreter present, she was only able to offer the officers her name and did not understand anything else that was said to her. R.G.S. Decl. ¶¶ 14-15.

Petitioners were both taken into custody and detained. Holani Decl. ¶¶ 5, 9.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Prieser v, Rodriguez*, 411 U.S. 475, 484, 489 (1973).

## DISCUSSION

In the Petition for Writ of Habeas Corpus, Petitioners assert claims for (1) violation of their Fourth Amendment right to be free from unreasonable seizures; (2) multiple claims under the Administrative Procedure Act ("APA"); (3) violation of their Fifth Amendment due process rights.

### I.   Jurisdiction

Respondents argue that the Court lacks jurisdiction to consider the Petition. Respondents base their argument on 8 U.S.C. § 1252(g), which provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause of claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8. U.S.C. § 1252(g).

Respondents also cite 8 U.S.C. § 1252(b)(9), which provides that judicial review "arising from any action taken or proceeding brought to remove an alien from the United States" is only available for judicial review of a final order and, except as otherwise provided by § 1252, "no court shall have jurisdiction," including by habeas petition under 28 U.S.C. § 2241, "to review such an order or such questions of law or fact." The "sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5).

"By virtue of their explicit language, both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders of removal." *Singh v. Gonzales*,

499 F.3d 969, 978 (9th Cir. 2007). In *Zadvydas v. Davis*, 533 U.S. 678, 687-688 (2001), the Supreme Court held that habeas petitions remain an available remedy for noncitizens held in detention when the basis for the petition is not one of those bases placed outside the jurisdiction of the court by statute.

The Supreme Court has interpreted § 1252(g)'s jurisdiction-stripping provision narrowly, limiting it to only "three discrete actions": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("*AADC*") (quoting 8 U.S.C. § 1252(g)) (emphasis in original). The Court rejected any reading of the statute that would cover "the universe of deportation claims," *id.*, and cautioned against interpreting § 1252(g) with "uncritical literalism" to sweep in any claim that can technically be said to "arise from" these three actions. *Jennings v. Rodriguez*, 583 U.S. 281, 293-95 (2018).

Section 1252(g) is directed against "a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *AADC*, 525 U.S. at 485 n.9. But the provision "shields discretionary determinations to deny relief, not failures to honor relief already granted." *Spulveda Ayala v. Bondi*, 794 F. Supp.3d 901, 908 (W.D. Wash. 2025).

Courts have "distinguished between challenges to ICE discretion to execute a removal order, which are barred, and challenges to the manner in which ICE executes the removal order, which are not." *Ceesay v. Kurzdorfer*, 781 F. Supp.3d. 137, 152 (W.D.N.Y. 2025). In *Ceesay*, the district court confronted a jurisdictional challenge

under §§ 1252(b)(9) and (g) and determined that because the petitioner "d[id] not challenge ICE's ability to remove him but only the legality of his current detention" and "ICE"s ability to hold him in detention without adequate process for weeks and months on end," that § 1252 did not prevent the exercise of jurisdiction by a district court over the habeas petition. *Id.* at 153.

Here, in this action, Petitioners do not seek judicial review of their removal proceedings. Rather, they are challenging their present detention and the associated procedures via a petition for writ of habeas corpus. The Court concludes that it possesses jurisdiction over such claims.

## II.    Detention Pursuant to § 1225

Respondents report that Petitioner R.G.S. was detained under "INA Section 235(b)(2)." Resp. 4.[1] ECF No. 7. Section 1225(b) "authorizes the Government to detain certain [noncitizens] *seeking* admission into the country," while Section 1226(a) and (c) "authorizes the government to detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). R.G.S. is unquestionably in the latter category, as she entered the country at some point prior to May 28, 2024, and was subsequently paroled. Holani Decl. ¶¶ 6-7. "Detention under 8 U.S.C. § 1225(b)(2) of a person already present in the United States . . . is unlawful." *J.Y.L.C. v. Bostock*, Case No. 3:25-cv-02083-AB, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (and collecting more than two dozen

---

[1] Respondents alternate between statutory citation formats in their citations to the Immigration and Nationality Act. The Court will use citations to the United States Code throughout. Section 235(b)(2) of the INA is U.S.C. § 1225(b)(2).

cases); *see also L.A.E. v. Wamsley*, Case No. 3:25-cv-01975-AN, 2025 WL 3485763, at *2-3 (D. Or. Dec. 4, 2025) ("Over the last year, dozens of courts have considered respondents' novel argument that Section 1225(b) applies to noncitizens who have been in the country for an extended period, and they have consistently found it unpersuasive."); *Rodriguez v. Bostock*, ___F. Supp.3d___, Case No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (collecting cases and concluding that the government's interpretation of § 1225 "belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

The Court joins this consensus. R.G.S. was detained more than a year after she was initially encountered and released by CPB. She was detained in this case hundreds of miles from a land border crossing. She is not subject to detention under § 1225. The Petition will therefore be GRANTED as to Petitioner R.G.S.

Because Petitioner M.L.G.G. was detained pursuant to 8 U.S.C. § 1231, rather than § 1225, she is not entitled to release on that basis. The Court will therefore proceed with the previously scheduled evidentiary hearing on the Petition as to M.L.G.G.

## CONCLUSION

For the reasons set forth above the Petition, ECF No. 1, is GRANTED as to Petitioner R.G.S. Respondents are ORDERED to immediately release Petitioner R.G.S. subject to her prior conditions of release. The evidentiary hearing set for December 8, 2025, will remain as scheduled for Petitioner M.L.G.G.

It is so ORDERED and DATED this ___5th___ day of December 2025.

                          /s/Ann Aiken
                          ANN AIKEN
                          United States District Judge